TRAUGOTT, SCHMIDT & SONS *v.* GERASIMOS.

1. LANDLORD AND TENANT—JUDGMENT FOR PART OF LEASED PREMISES AUTHORIZED.

Under 3 Comp. Laws 1915, § 13257, in summary proceedings for the possession of leased premises, a judgment for the premises described in the complaint, or any part thereof, is authorized.[1]

---

[1]Landlord and Tenant, 36 C. J. § 1805.

2. SAME—ACCEPTANCE OF RENT FOR PREMISES RE-ENTERED NOT
WAIVER OF NOTICE TO QUIT.
Where a landlord, under the terms of the lease, peaceably
and lawfully re-entered and took possession of part of
the leased premises, his acceptance of rent therefor from
the subtenants did not constitute him an agent of the
tenant, thereby waiving notice to quit and right to ter-
minate the lease for nonpayment of rent, since the tenant's
right to occupy said portion of the premises and collect.
the rent therefor had terminated.[2]

3. SAME—TRIAL—INSTRUCTIONS.
Where there was no legal defense to a landlord's action
for restitution of leased premises, the trial court correctly
so instructed the jury.[3]

4. APPEAL AND ERROR—FINDING SUPPORTED BY EVIDENCE NOT DIS-
TURBED ON REVIEW.
Where the finding of the jury as to the amount of rent
due, in summary proceedings, is supported by evidence,.
it will not be disturbed by the Supreme Court.[4]

5. SAME—ASSIGNMENTS OF ERROR—QUESTIONS REVIEWABLE.
Questions argued by counsel, not presented by any assign-
ments of error, will not be discussed by the Supreme
Court.[5]

Error to Wayne; Webster (Arthur), J.    Submitted
April 20, 1926.    (Docket No. 159.)    Decided June
7, 1926.

Summary proceedings by Traugott, Schmidt & Sons.
against Theodore Gerasimos for possession of leased
premises.    There was judgment of restitution before
the commissioner, and defendant appealed to the cir-
cuit court.    Judgment for plaintiff.    Defendant brings
error.    Affirmed.

*John W. L. Hicks*, for appellant.

*Wurzer & Wurzer*, for appellee.

---

[2]Landlord and Tenant, 36 C. J. § 1844; [3]Id., 36 C. J. § 1885;
[4]Appeal and Error, 4 C. J. § 2846; [5]Id., 3 C. J. § 1462.

MCDONALD, J.   This action was brought to recover possession of certain leased premises.   The lease covered a three-story brick building on the northeast corner of Monroe avenue and Beaubien street, in the city of Detroit, and a one-story garage immediately adjoining.   The total rental was $415 per month. With the consent of the plaintiff the defendant had sublet the premises to five different tenants.   The lease provided that on breach the lessor might terminate it and take possession without notice to the lessee.   On December 31, 1923, the defendant was in default on his payments for rent in a sum in excess of $4,000.   The plaintiff served him with written notice to quit.   On January 24, 1924, summary proceedings were begun to recover possession of the entire leased premises.   Judgment for restitution was obtained for a part of the premises known as 507 Monroe avenue, the plaintiff having prior thereto by peaceable re-entry gained possession of all other portions of the premises.   The defendant appealed to the circuit court.   At the close of the testimony, counsel for the defendant moved to dismiss for the reason that the plaintiff had collected rent from the sub-tenants before and after the beginning of suit, and by so doing had waived its right to terminate the lease for nonpayment of rent.   The court denied the motion and directed a verdict for the plaintiff as to the restitution of the premises, but left to the jury the determination of the rent due.   The jury determined the amount to be $5,710.62, fixing which amount and for possession of the premises, judgment was entered for the plaintiff. The defendant brings error.

1. In his brief counsel for the defendant contends that having instituted proceedings to recover possession of the entire premises, the plaintiff is not entitled to a judgment of restitution for only a portion of them. The statute, section 13257, 3 Comp. Laws 1915, author-

izes a judgment for "the premises described in the complaint, or any part thereof."

2. Did the court err in refusing to dismiss on the ground that, by accepting rent from the four sub-tenants, the plaintiff waived its notice to quit and its right to terminate the lease for nonpayment of rent? In pressing his contention that acceptance of these rents constituted a waiver, counsel argues that in so doing the plaintiff must be regarded as the defendant's agent, and as recognizing his right to continue in possession through his sub-tenants. On the 31st of December, 1923, the defendant was over $4,000 in arrears on the payment of his rent. By the terms of the lease the plaintiff was entitled to re-enter and take possession without notice to him. A peaceable and lawful re-entry was made of all the premises except 507 Monroe avenue. Thereafter, the defendant had no interest in the rents collected from the premises from which he had been lawfully evicted. His right to occupy the premises or to collect the rents had been terminated. Except as to 507 Monroe avenue he was out. What the plaintiff did with the other portion of the premises or what rents were collected therefrom was not a matter in which the defendant was at all concerned, and has no bearing on the issue here involved. There is therefore no merit to the claim of agency or waiver.

The only questions presented by this record are whether the plaintiff is entitled to restitution of 507 Monroe avenue and the amount of rent due. To the action for restitution there was no legal defense. The court correctly so instructed the jury. In a proper charge he required them to ascertain the amount of unpaid rent. Their finding is supported by ample evidence and will not be disturbed. There is no error.

Some of the questions argued by counsel for the

defendant in his brief are not presented by any assignments of error.   Others are so clearly without merit that we do not discuss them.

The judgment is affirmed, with costs to the plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.